**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RICHARD ARROWSMITH, as Liquidating
Trustee of the HDL Liquidating Trust,

        Plaintiff,

v.                                                  Case No. 3:19-mc-5-J-32JRK

MAGNOLIA ADULT, LLC,

        Defendant.

_____

**REPORT AND RECOMMENDATION**[1]

This cause is before the Court on Plaintiff's Unopposed Motion for Final Judgment of Garnishment as to First Federal Bank of Florida (Doc. No. 12; "Motion"), filed June 24, 2019.[2] As the Motion states, a judgment ("the Judgment") was entered on August 5, 2018 in the United States Bankruptcy Court for the Eastern District of Virginia in favor of Richard Arrowsmith, as Liquidating Trustee of the HDL Liquidating Trust ("Plaintiff"), and against Magnolia Adult, LLC ("Defendant"), Bilal Khodr, and Ira D. Lee, Jr., jointly and severally, for the sum of $9,960.00 plus attorney's fees and expenses of $1,000.00, for a total of $10,960.00. Motion at 1 ¶ 1; see Doc. No. 1-1 (Bankruptcy Court's Order). The Judgment

---

[1]     "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

[2]     Some of the filings refer to Plaintiff as Judgment Creditor and to Defendant as Judgment Debtor. The undersigned refers to the parties as Plaintiff and Defendant.

was registered in this Court on February 11, 2019. See Certification of Judgment for Registration in Another District (Doc. No. 1);³ see also 28 U.S.C. § 1963 (providing that "[a] judgment in an action for the recovery of money or property entered in any . . . bankruptcy court . . . may be registered by filing a certified copy of the judgment in any other district" and when registered, "shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner").

Rule 69(a)(1), Federal Rules of Civil Procedure, provides as follows:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1); see also Fed. R. Civ. P. 64. Because this district is in the State of Florida, Florida law applies in executing the Judgment and in garnishment proceedings.

On February 27, 2019, Plaintiff requested the issuance of a writ of garnishment directed toward First Federal Bank of Florida ("Garnishee") in accordance with Fla. Stat. § 77.03. See Ex-Parte Motion for Issuance of a Writ of Garnishment to First Federal Bank of Florida (Doc. No. S-2; "Motion for Writ of Garnishment"). On April 12, 2019, the Court entered an Order (Doc. No. 3) granting that request ("Order Issuing Writ"), and a writ of garnishment (Doc. No. S-4) was issued on April 15, 2019. The writ of garnishment was

---

³ Plaintiff also registered the Judgment against Bilal Khodr and Ira D. Lee, Jr. in separate cases. See Arrowsmith v. Lee, Case No. 3:19-mc-3-J-32JRK; Arrowsmith v. Khodr, Case No. 3:19-mc-4-J-39JRK.

later amended at the direction of the Court. See Order (Doc. No. 5; "Order Directing Amendment of Writ"), entered April 16, 2019; Amended Writ of Garnishment (Doc. No. 6; "Writ of Garnishment"), entered April 17, 2019.[4] On April 22, 2019, Plaintiff served Garnishee with a copy of the Writ of Garnishment. See Notice of Service of Writ of Garnishment (Doc. No. 7), filed April 25, 2019. In compliance with Fla. Stat. § 77.041, Plaintiff mailed to Defendant, by first class, copies of the Writ of Garnishment, the Motion for Writ of Garnishment, and the "Notice to Defendant" on April 25, 2019. See Notice of Service of Writ of Garnishment.

On May 3, 2019, Garnishee filed its Answer (Doc. No. 8-1) to the Amended Writ of Garnishment, in which it represents that it has $25,768.18 of Defendant's funds. Answer at 1 ¶ 1, 3 (showing certificate of service).[5] Garnishee also states in the Answer that "under the terms of . . . certain Promissory Note[s] executed by Defendant . . . in favor of Garnishee, the Garnishee has a contractual right of setoff and hereby claims this right against all funds maintained in the referenced accounts." Id. at 4 ¶ 4. Plaintiff did not serve a reply to the Answer under Fla. Stat. § 77.061. On May 3, 2019, pursuant to Fla. Stat.

---

[4] The first writ of garnishment was amended to "strik[e] the directives to 'The State of Florida' and 'To Each Sheriff of the State' and insert[ing] 'To any person authorized to serve this [Amended] Writ of Garnishment.'" Order Directing Amendment of Writ at 1-2 (quoting Order Issuing Writ at 3 n.1). The Clerk of Court was also directed to ensure the amended writ was properly dated. Id. at 2. The Clerk was advised that the writ need not be issued under seal. Id.

[5] As to Bilal Khodr and Ira D. Lee, Jr., Garnishee represents that they "did not maintain any accounts, jointly or severally, with Garnishee nor was the Garnishee otherwise indebted to [them] in this cause." Answer (Doc. No. 10-1) at 1 ¶ 1, Arrowsmith v. Khodr, Case No. 3:19-mc-4-J-39JRK; Answer (Doc. No. 8-1) at 1 ¶ 1, Arrowsmith v. Lee, Case No. 3:19-mc-3-J-32JRK.

§ 77.055, Plaintiff served Defendant with Garnishee's Answer and a notice advising Defendant that it must move to dissolve the Writ of Garnishment within twenty days after the date indicated on the certificate of service of the notice if any allegation in the Motion for Writ of Garnishment is untrue. See Plaintiff's Notice to Defendant of Answer by First Federal Bank of Florida (Doc. No. 8). Defendant did not move to dissolve the writ of garnishment.

On June 11, 2019, Plaintiff filed a Motion for Final Judgment of Garnishment as to First Federal Bank of Florida (Doc. No. 9; "First Motion"), which Garnishee opposed. See Garnishee's Response to Plaintiff's Motion for Entry of Final Judgment of Garnishment (Doc. No. 10; "Response to First Motion"), filed June 17, 2019. Garnishee stated that it "asserted in its answer that [Garnishee] was entitled to the funds, [and] when Plaintiff failed to contest that allegation, the funds were established as belonging to [Garnishee]." Response to First Motion at 2. Thereafter, the instant Motion was filed. In the Motion, Plaintiff represents that "the setoff issue has been resolved" and that Garnishee does not oppose the entry of final judgment of garnishment in the amount of $10,960.00. Motion at 2 ¶ 12.

Plaintiff did not serve a reply under Fla. Stat. § 77.061; thus, the allegations in the Answer are taken as true. See Fla. Stat. § 77.061.[6] Accordingly, judgment in favor of

---

[6] As noted above, any issues related to the allegation of Garnishee's entitlement to a setoff have been resolved between the parties.

Plaintiff and against Garnishee is due to be entered, in the amount of $10,960.00. <u>See</u> Fla. Stat. § 77.083.

Based on the foregoing, it is

**RECOMMENDED**:

1. That Plaintiff's Unopposed Motion for Final Judgment of Garnishment as to First Federal Bank of Florida (Doc. No. 12) be **GRANTED**.

2. That final judgment of garnishment be entered by the Clerk of Court in favor of Richard Arrowsmith, Liquidating Trustee of the HDL Liquidating Trust ("Plaintiff"), directing Garnishee, First Federal Bank of Florida, to pay Plaintiff $10,960.00 by check payable to Richard Arrowsmith, Liquidating Trustee of the HDL Liquidating Trust. The check shall be delivered to Jones Walker LLP, c/o Barry Turner, 201 S. Biscayne Blvd., Suite 2600, Miami, FL 33131.

3. That upon the payment of $10,960.00, the Garnishee, First Federal Bank of Florida, be discharged from further liability under the writ of garnishment.

**RESPECTFULLY RECOMMENDED** in Jacksonville, Florida on September 27, 2019.

*[Signature]*
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:

Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record